# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOHN DOE,**

       **Plaintiff,**

**v.**                                                      Case No:   6:16-cv-2232-Orl-37KRS

**ROLLINS COLLEGE, JESSICA NARDUCCI, ORIANA JIMINEZ, KEN MILLER, REBECCA DECESARE and MEGHAN HARTE WEYANT,**

       **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   MOTION TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER (Doc. No. 23)
>
> **FILED:**     January 24, 2017
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

In this case, Plaintiff alleges that while he was a student at Rollins College, he was falsely accused of engaging in "nonconsensual sexual activity with a fellow Rollins student ('Jane Doe'. . .)." Doc. No. 19, at 1. He alleges that after this claim was asserted, Rollins College conducted an investigation pursuant to Title IX and the College's own policies. *Id.* at 14. He contends that the investigation was flawed and deprived him of a fair and impartial investigation and hearing process. *Id.* at 14-15. He does not allege with any specificity the nature of the alleged sexual misconduct, other than that a notification was made regarding nonconsensual sexual conduct

and "'Fondling'" and that one of the Defendants accused him of rape. *Id.* at 19-20. He alleges that Rollins College imposed sanctions against him, which included suspension for two semesters noted on his transcript, community probation until his graduation, and sexual harassment and misconduct education. *Id.* at 23. He asserts a number of causes of action against Rollins College and individuals affiliated with Rollins College.

In the present motion, Plaintiff asks to proceed under the pseudonym "John Doe." He contends that publication of his true identity might adversely impact his future educational and employment prospects based on a "false claim of sexual misconduct[.]" Doc. No. 23, at 1-2.

Federal Rule of Civil Procedure 10(a) creates a presumption that every pleading filed in this Court must name all parties. At its core, Rule 10(a) "protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)(citations omitted). "The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Id.* (quoting *Doe v. Stegall*, 653 F.2d 180,186 (5th Cir. Unit A 1981)). "It is the exceptional case in which a plaintiff may proceed under a fictitious name." *Id.*

The Eleventh Circuit has developed a multi-factor balancing test to determine whether a plaintiff has shown that he "'has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011)(quoting *Frank*, 951 F.2d at 323). The Court should consider (1) whether the plaintiff who seeks anonymity is challenging governmental activity; (2) whether the prosecution of the suit compels him to disclose information of the utmost intimacy; (3) whether plaintiff will be compelled to admit his intention to engage in illegal conduct, thus risking

criminal prosecution; (4) whether the party is a minor; (5) whether the party will be exposed to physical violation should he or she proceed in the party's own name; and (6) whether proceeding anonymously poses a unique threat of fundamental unfairness to the defendant. *Fla. Action Comm., Inc. v. Seminole Cty.*, No. 6:15-cv-1525-Orl-40GJK, 2016 WL 6080988, at *2 (M.D. Fla. Oct. 18, 2016)(citing *Plaintiff B*, 631 F.3d at 1316). Courts may consider other factors as well, based on the particularities of the case. *Id.* Whether to allow a party to proceed anonymously is a matter within the discretion of the Court. *Plaintiff B*, 631 F.3d at 1315.

In the motion, Plaintiff concedes that his suit is not challenging government activity and the case will not involve an admission concerning future criminal activity. Doc. No. 23, at 7. He does not allege that he is a minor, and he does not contend that he may be exposed to physical violence if his identity is revealed.

As to the second factor, the Eleventh Circuit has noted that information of the utmost intimacy includes issues such as abortion, prayer and personal religious beliefs. However, courts have denied the protection of anonymity in cases of alleged sexual assault, even when revealing the plaintiff's identity may cause some personal embarrassment. *See Plaintiff B*, 631 F.2d at 1316 (collecting cases). In the present case, John Doe has not sufficiently alleged the type of sexual misconduct he was found to have committed or the extent to which the specifics of that alleged misconduct will be disclosed during this litigation and, therefore, there is insufficient information to determine that this case involves an issue of the utmost intimacy.

John Doe argues that this case involves a social stigma that will arise from his identification as a sexual predator. *See* Doc. No. 19, at 28. The Eleventh Circuit has recognized that courts have allowed plaintiffs to proceed anonymously in cases involving disclosure of information that gives rise to a social stigma, such as mental illness, homosexuality and transsexuality. *Frank*, 951 F.2d

at 324.  In such cases, the information concerned long-standing or life-long conditions.  This case does not present a similar risk of social stigma because the conduct of which John Doe was accused is alleged to have been a one-time occurrence, rather than repeated acts of alleged predatory conduct.[1]  Any social stigma arising from the allegations in this case does not, therefore, implicate a substantial privacy right that overrides the presumption of openness in judicial proceedings.

As to the sixth factor, Defendants have not shown that how the litigation would pose a unique threat of fundamental unfairness to them if John Doe's identity is not revealed.  They know who John Doe is and, as counsel for Plaintiff suggests, they can proceed through discovery by use of initials or other unique identifiers for John Doe and other students who may be identified.  The Court can later address the issue of fundamental unfairness to the Defendants if John Doe's identity is protected at trial (if it determines that the case will proceed to trial).

Other circumstances in the case, however, weigh in favor of John Doe being required to proceed under his true name.  The Court notes that John Doe has provided a good deal of identifying information about himself in his pleadings.  He alleges that he attended White Plains Senior High School in White Plains, New York.  He played both varsity ice hockey and varsity lacrosse, including playing for Superstars, a high school travel team.  It was his goal to play lacrosse in college on a scholarship.  He was accepted at Rollins College in the Class of 2019 on an academic scholarship.  He was a member of the lacrosse team at the College.  Doc. No. 19, at 8, 19.  This information is sufficiently detailed to permit him to be identified via internet search by a simple match of lacrosse and hockey players at White Plains Senior High School and lacrosse players at

---

[1] Counsel for Plaintiff relies on *Doe v. Colgate University,* No. 5:15-cv-1069 (LEK/DEP), 2016 WL 1448829 (N.D.N.Y. April 12, 2016), in which the court allowed a student accused of sexual misconduct to proceed anonymously. I note that, in that case, the plaintiff was charged with three separate instances of sexual misconduct.

Rollins College in the Class of 2019.  Additionally, it appears that John Doe's name has been a matter of public record in this case since January 2017 (Doc. No. 20), and, as of the writing of this order, he has taken no steps to have that information removed from the record.

The individual Defendants also validly argue that by naming them as defendants, the mere filing of this civil action may cause damage to their good names and reputation.  In *Southern Methodist University Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979), the court found that the mere filing of a sex discrimination civil action against two law firms "may cause damage to their good names and reputation and may also result in economic harm." Therefore, the court concluded that "[b]asic fairness dictates that those among the defendants' accusers who wish to participate in this suit as individual party plaintiffs must do so under their real names."  *Id.*

On balance, the Court finds that this is not an exceptional case in which plaintiff may proceed under a fictitious name.  If John Doe wishes to proceed with this lawsuit, he shall henceforth proceed under his own name rather than a pseudonym.  Accordingly, it is **ORDERED** that, on or before April 7, 2017, Plaintiff shall file an amended certificate of interested persons listing his true name.[2]

**DONE** and **ORDERED** in Orlando, Florida on March 22, 2017.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court finds that further delay of the case by requiring Plaintiff to file a second amended complaint under his true name is not warranted.